IN THE COURT OF CRIMINAL APPEALS


OF TEXAS


 




NO. WR-34,060-04






EX PARTE RANDY DALE BARNETT, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 23473 IN THE 6TH DISTRICT COURT


FROM LAMAR COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated assault
as a habitual felony offender, and he was sentenced to fifty years' incarceration. The Sixth Court of
Appeals affirmed the conviction and sentence. Randy Dale Barnett v. State, 344 S.W.3d 6 (Tex.
App. - Texarkana 2011).

 Applicant raises many claims in his writ application, including claims of ineffective
assistance of trial and appellate counsel. He has alleged facts that, if true, might entitle him to relief.
Smith v. Robbins, 528 U.S. 259, 285-86 (2000); Strickland v. Washington, 466 U.S. 668 (1984); Ex
parte Lemke, 13 S.W.3d 791, 795-96 (Tex. Crim. App. 2000). There are no responses from either
counsel in the record provided to this Court, and there are no findings from the trial court. In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. 

 The trial court shall order both trial and appellate counsel to respond to Applicant's claims
of ineffective assistance by explaining their representation of Applicant, including applicable strategy
and tactical decisions. To obtain the responses, the trial court may use any means set out in Tex.
Code Crim. Proc. art. 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine
whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the
trial court shall appoint an attorney to represent Applicant at the hearing. Tex. Code Crim. Proc.
art. 26.04. 

 The trial court shall make findings of fact and conclusions of law regarding the claims raised
in the writ application. The trial court may also make any other findings of fact and conclusions of
law it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus
relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court.

Filed: August 22, 2012

Do not publish